UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICKY DALE GUESS                                                     PETITIONER

v.                                                        CIVIL ACTION NO. 3:09-CV-598-S

ROBERT ENGLERT,
COMMONWEALTH OF KENTUCKY                          RESPONDENTS

## **OPINION AND ORDER**

This matter is before the Court for preliminary review of Ricky Dale Guess's *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *Day v. McDonough,* 547 U.S. 198, 209-10 (2006). The Court will enter a show cause order directing Petitioner to show the petition satisfies two prerequisites to seeking federal habeas corpus relief: that he has exhausted his state remedies and that the petition has been timely filed.

**I.**

Petitioner pleaded guilty and was sentenced to three years' imprisonment for flagrant non-support in Jefferson Circuit Court on a date not specified in the petition, (indictment no. 07-CR-1725). Petitioner did not appeal. Petitioner has filed at least one post-conviction motion in state court seeking a recalculation of his sentence and the amount of credit for pre-trial detention. The state court granted his request for recalculation on March 10, 2009, but "with no results."[1]

In this federal habeas corpus action, Petitioner claims the state prosecutor coerced him through his appointed counsel into pleading guilty by threatening to prosecute him on a rape charge, which is apparently pending.

---

[1] Pet. at ¶ 11.

Petitioner filed this petition in federal court by placing it in the prison mail system on or about August 14, 2009.

## II.

**A. Statute of Limitations**

It is not clear whether Petitioner has filed this petition within the one-year limitation period, 28 U.S.C. § 2244(d)(1). "The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) (providing that other circumstances may trigger the clock at a later date, none of which appear applicable here).

Even after the one-year limitation begins to run, certain post-conviction proceedings in state court will toll this limitation period. Specifically, the habeas statute states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Even if the petition is time-barred, the statute of limitations may be excused under the doctrine of equitable tolling. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The petition does not state the date of conviction or the date Petitioner filed a post-conviction motion in the trial court. Thus, the Court cannot determine the date the limitation period began to run, any period during which the one-year limitation was tolled, or whether the limitation period, if expired, should be equitably tolled. Therefore, the Court will enter a show cause order requiring Petitioner to address these issues to the best of his knowledge and

2

information in a written response.

## B. Exhaustion of State Remedies

It is also not clear whether Petitioner has exhausted his state remedies on the claim presented in this petition. A federal court may grant a writ of habeas corpus only after a petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Picard v. Conner*, 404 U.S. 270, 275 (1971); *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009); *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993) (internal quotations omitted). In rare circumstances, nevertheless, the exhaustion requirement may be excused if resort to state court would be futile, *see Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005), or other exceptional circumstances exist as set forth in § 2254(b)(1).

Therefore, the show cause order will also require Petitioner to address these issues to the best of his knowledge and information.

The Court being sufficiently advised,

**IT IS HEREBY ORDERED** that no later than **30 days** from the entry of this Order, Petitioner must **SHOW CAUSE** why the Court should not dismiss *sua sponte* this petition as time-barred, pursuant to § 2244(d), or for failure to exhaust available state remedies, pursuant to § 2254(b). Failure to show cause in a written response within thirty days, without good cause shown, may result in DISMISSAL of this petition.

**IT IS FURTHER ORDERED** that the motion to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to bar the prosecutor is **DENIED.**

DATED:   September 23, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc:   Petitioner, *pro se*

4411.007